FRANK McCARTNEY, APPELLEE, v. JOHN T. HAY, APPELLANT.

FILED DECEMBER 23, 1909.    No. 15,867.

Habeas Corpus: EVIDENCE. In habeas corpus to secure a release from the asylum, brought by one who has been found to be a dipsomaniac, his unsupported oral testimony that he had not been given a hearing is insufficient to overthrow the recitals of the warrant of commitment.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed.*

*William T. Thompson, Attorney General,* and *Grant G. Martin,* for appellant.

*Greene & Greene, contra.*

BARNES, J.

On the 30th day of July, 1908, Frank McCartney was found by the commissioners of insanity of Howard county to be a dipsomaniac, and was committed to the hospital for the insane at Lincoln, Nebraska, for treatment until

cured, however not exceeding three years. He was received at the asylum on July 31, 1908, and on the following 18th day of August made application to one of the judges of the district court for Lancaster county for a writ of habeas corpus. His petition was in the usual form, but had attached thereto as an exhibit the warrant of commitment, which reads as follows: "The State of Nebraska, Howard county, ss. To the superintendent of the Nebraska hospital for the insane at Lincoln. Whereas, upon application in due form of law, had before the commissioners of insanity in and for said county, the said commissioners have found Frank McCartney to be an inebriate and dipsomaniac and a fit subject for custody and treatment in said hospital, you are therefore hereby authorized to receive and keep Frank McCartney as a patient therein for the term of until cured, and not exceeding three years. The legal settlement of said Frank McCartney is found to be in Howard county, Nebraska. This warrant, with the custody of the said Frank McCartney, is delivered to W. C. Alexander, sheriff, for execution. Witness my hand and seal of the district court of said county this 30th day of July, 1908. (Seal.) Frank T. Shaughnessy, Clerk. Patient received at the hands of W. C. Alexander, attended by W. W. Bishop, this 31st day of July, 1908. Dr. J. T. Hay, Superintendent, per Dr. H. A. T."

The writ was issued, and the appellant made his return justifying his detention of the petitioner under the warrant of commitment above set forth. He also denied the allegations of the petition that "no examination had been had in the presence of the petitioner by the commissioners of insanity of Howard county, and that he was not a dipsomaniac." On the hearing McCartney was allowed to, and did, testify orally, as follows: "Q. Was any hearing had there before the insanity commissioners in your presence? A. Not in my presence. Q. Do you know whether or not any hearing was had at all? A. I do not. Q. Were you a dipsomaniac at the time you were brought

here? A. I think not." On this testimony, and no other, the district court rendered a judgment discharging Mc-Cartney from custody.

The sufficiency of the evidence to sustain the judgment below was raised by a motion for a new trial, and is now presented by the defendant's assignment of errors in this court. Section 2535, Ann. St. 1909, provides for a review of the proceedings in habeas corpus, and this appeal therefore presents the question of the admissibility and effect of the oral evidence taken upon the hearing to contradict the record of petitioner's conviction and commitment, and its sufficiency to sustain the order of the district court discharging him from the asylum. It may be stated at the outset that the order of the board of insanity, which appears in the proceedings herein, does not have the sweeping force and effect of a judgment of conviction of a criminal offense rendered by a court of competent jurisdiction, and we are of opinion that such order may be assailed and may be overthrown by clear, convincing and competent evidence showing its falsity. But we think no case can be found where the order of such a tribunal has been overthrown and the petitioner discharged from custody upon his unsupported oral testimony denying the statements contained in the warrant of commitment. In discussing the effect of the records and orders of boards and commissioners, Black, in his work on Judgments, says: "The records of their proceedings and judgments are entitled to the same respect as the records and judgments of other tribunals, so long as they act within their jurisdiction, and cannot be attacked collaterally." 2 Black, Judgments (2d ed.) sec. 532. It would seem that this rule is applicable to the proceedings and orders of the commissioners of insanity. The statute requires a formal record, and makes provision for a clerk. Section 2 of the dipsomaniac law (laws 1905, ch. 82) provides that the board "shall have the same powers and exercise the same jurisdiction as are conferred upon them

45

in the case of an insane person." In *In re Schwarting,* 76 Neb. 773, we held that the dipsomaniac law is a part of the statute governing the hospital for the insane, and the commitment of persons thereto. The statutory provisions relating to the record of the insanity board therefore apply to informations against dipsomaniacs as well as to proceedings in insanity cases. The statute requires the clerk to make a formal record of all the proceedings of the board. This statutory record is made by the clerk of the board, whose members are required to proceed in the regular and orderly manner followed in courts of justice. Therefore, if the record speaks on the question of jurisdiction, it can only be contradicted under allegations that it is false; and the oral testimony of the petitioner alone is insufficient to contradict it on that point.

As above stated, the record of a special tribunal, like a board of insanity, may not have the full force and effect of a judgment of a court of competent jurisdiction, yet the presumption which attaches to such a record may be likened to the presumption which accompanies the certificate of a notary public to the acknowledgment of a deed or other legal instrument. It is of such weight and character that it cannot be overthrown by the unsupported oral statement of the petitioner impeaching the verity of the record. To hold that the testimony of the petitioner alone contradicting the record that he had been given a hearing is sufficient to authorize a judgment discharging him from custody would be fraught with such serious consequences that we cannot for a moment consider it. Such a rule would empty our jails, our asylums, our reformatories, and even work a release of persons held in the penitentiary for safe keeping pending criminal prosecutions.

We therefore hold that the evidence in this case is not sufficient to impeach the record of the board of insanity, which appears to be regular upon its face, and is wholly insufficient to sustain the judgment of the district court discharging the petitioner.

We are of opinion that the judgment herein should be, and the same is hereby,

REVERSED.

ROSE, J., not sitting.